UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **JERXAVIER L. LANE** | **CIVIL ACTION NO. 16-48-P** |
| **VERSUS** | **CHIEF JUDGE HICKS** |
| **JUDY LOFTON, ET AL.** | **MAGISTRATE JUDGE HORNSBY** |

REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

STATEMENT OF CLAIM

Before the court is a civil rights complaint filed in forma pauperis by pro se plaintiff JerXavier L. Lane ("Plaintiff"), pursuant to 42 U.S.C. § 1983. This complaint was received and filed in this court on January 13, 2016. Plaintiff is currently incarcerated at the Louisiana State Penitentiary, but claims his civil rights were violated by prison officials while incarcerated at the David Wade Correctional Center in Homer, Louisiana. He names Judy Lofton, Leann Chambers, Angie Huff, and James M. LeBlanc as defendants.

Plaintiff claims Judy Lofton, the inmate banking officer, has denied him access to the court and due process of law. He claims he filed three petitions for judicial review in the Louisiana Nineteenth Judicial District Court and was granted in forma pauperis status in each case. Plaintiff claims Lofton sporadically forwarded 20% of his inmate account to the Louisiana Nineteenth Judicial District Court as required by La. R.S. 15:1186 A(2)

and B(1). He claims that at times, Lofton withdrew funds from his savings account or withdrew more than the required 20% without his permission and without a court order.

Plaintiff claims Leann Chambers, Deputy Warden Angie Huff, and Secretary James LeBlanc attempted to conceal Lofton's wrong doing and failed to rectify the situation when it was brought to their attention. He claims that on August 19, 2015, he filed a grievance in administrative remedy procedure complaining of Lofton's actions regarding the withdrawal of court fees. He claims that on September 11, 2015, Chambers responded to his grievance stating that all court orders from the district court are entered into a debt system at headquarters and a computer program automatically withdraws 20 percent of the funds deposited to his account. He claims she further stated that the computer program is triggered by the activity in his account and that Lofton has no control of the computer program. He claims she stated that court fees are mailed to the district court once a month by the DOC Offender Banking Staff. Plaintiff claims that Huff and LeBlanc agreed with Chamber's response to his grievance.

Plaintiff claims his actions are stayed until his filing fees are paid in full.

Accordingly, Plaintiff seeks punitive damages.

For the following reasons, Plaintiff's complaint should be dismissed with prejudice as frivolous.

## LAW AND ANALYSIS

Plaintiff claims he was denied access to the courts because his filing fees were not paid properly. Prisoners have a constitutional right of meaningful access to the courts.

Degrate v. Godwin, 84 F.3d 768, 768-69 (5th Cir.1996) (quoting Bounds v. Smith, 430 U.S. 817, 828, 97 S.Ct. 1491, 1498, 52 L.Ed.2d 72 (1977)).  However, this constitutional guarantee is not without limitation.  Lewis v. Casey, 518 U.S. 343 (1996) (quoting Turner v. Safley, 482 U.S. 78, 89, 107 S.Ct. 2254, 2261-62, 96 L.Ed.2d 64 (1987)).  In Lewis v. Casey, 518 U.S. 343, (1996), the Supreme Court reviewed its holding in Bounds v. Smith, 430 U.S. 817, (1977) which is the source of a prisoner's constitutional right to "meaningful access to the courts."  While the Supreme Court reaffirmed a prisoner's right of access to the courts in Lewis, the Court limited the parameters of Bounds and set forth a standard to be applied when determining whether to grant relief for an access to the courts violation.  In so holding, the Court noted that a prisoner must show an actual injury, explaining that this requirement is derived from the doctrine of standing.  Lewis, 116 S.Ct. at 2179.  The Court used the analogy of a prisoner who is denied access to that of a healthy prisoner who has been deprived of medical treatment.  In both cases, neither the access deprived prisoner nor the healthy prisoner have sustained constitutional injury, and thus, are not entitled to relief under Section 1983.  The Court emphasized that the court's role is to provide relief to claimants who have suffered actual harm, not to interfere with the management of prisons.

Accordingly, the Fifth Circuit has held that a prisoner cannot prevail on an access to the courts claim without proving an actual injury in non-frivolous litigation as a result of the defendant's alleged unconstitutional conduct.  Ruiz v. United States, 160 F.3d 273, 275 (5th Cir. 1998); Chriceol v. Phillips, 169 F.3d 313, 317 (5th Cir. 1999).

Application of the actual injury requirement to the instant case supports a finding that Plaintiff's claims are frivolous. Clearly, Plaintiff has not satisfied the "actual injury" requirement. Plaintiff has failed to demonstrate that he lost the right to commence, prosecute or appeal any suit because of the actions of Defendants. Thus, he has failed to state any actual injury.

Accordingly, Plaintiff's claims should be dismissed with prejudice as frivolous.

## CONCLUSION

Because Plaintiff filed this proceeding in forma pauperis ("IFP"), if this Court finds Plaintiff's complaint to be frivolous, it may dismiss the complaint as such at any time, before or after service of process, and before or after answers have been filed. See 28 U.S.C. § 1915(e); Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986); Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985). District courts are vested with extremely broad discretion in making a determination of whether an IFP proceeding is frivolous and may dismiss a claim as frivolous if the IFP complaint lacks an arguable basis either in law or in fact. See Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995); Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993); Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827 (1989).

Accordingly;

**IT IS RECOMMENDED** that Plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. § 1915(e).

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objection within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendations set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, on this 22nd day of March, 2018.



Mark L. Hornsby
U.S. Magistrate Judge